Beeman, Appellant, *v.* Calvert Fire Insurance Company.

Argued October 3, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*W. Albert Ramey,* for appellant.

*John B. Gates,* for appellee.

OPINION BY GUNTHER, J., January 20, 1953:

Appellant sued in assumpsit on a collision insurance policy for damage to his automobile. The defense interposed by way of new matter was a release signed by appellant. Appellant in his answer to new matter

alleged fraud in procuring the release. The jury rendered a verdict in favor of appellant in the sum of $683.35. The court below entered a judgment n.o.v. in favor of defendant.

Appellant had been involved in an automobile accident as a result of which his automobile was extensively damaged. His car was taken to a garage and the repairmen were given orders by appellant and his wife not to initiate any repairs. Two weeks after the accident defendant's adjuster came to appellant's house and represented to appellant that his automobile had already been repaired and looked as if it had "never been in a wreck." Appellant thereupon signed an authorization to repair and a release of defendant upon defendant's agreement to pay the repairmen $450.65 less $50 deductible. The evidence clearly discloses that on the day on which defendant's adjuster made this statement, no repairs in fact had been started on appellant's car. The car was repaired shortly thereafter but was repaired in such an unsatisfactory manner that considerable additional work was required to restore it to a satisfactory condition.

In order to set aside a release on the grounds of fraudulent misrepresentation the evidence must be clear, precise, and indubitable. *Doneyho v. Scottdale Connecting Railroad Co.,* 330 Pa. 207, 199 A. 162; *Vogel v. Taub,* 316 Pa. 41, 173 A. 270. Indubitable proof is " 'evidence that is not only found to be credible, but of such weight and directness as to make out the facts alleged beyond a reasonable doubt.' " *Doneyho v. Scottdale Connecting Railroad Co.,* supra, page 209. Appellant's evidence meets these requirements. Both he and his wife testified the adjuster stated that the automobile had been repaired and was as good as new. That such declaration was false is proven by the testimony of the repairman, since work was not begun until after

the adjuster's meeting with appellant. Appellant also testified that he was induced to sign the release by reliance on the adjuster's misrepresentation. In addition, the materiality of the misstatement, which is obvious, raises a presumption that the person deceived relied upon it. *LaCourse v. Kiesel,* 366 Pa. 385, 389, 77 A. 2d 877. The evidence also shows that appellant acted quickly once he discovered the true facts.

The court below granted judgment n.o.v., because of appellant's supposed negligence in signing the release without ascertaining the truth of the adjuster's statement. We cannot agree that such a conclusion must be drawn from the evidence as a matter of law. The whole question of appellee's fraud in procuring the release was eminently a question for the jury as was appellant's right to rely on the adjuster's fraudulent statement of fact. Appellant's position is aided by the unequal accessibility of the parties to the facts. (Appellant had been seriously injured in the accident, had been released from the hospital only three days before the adjuster's visit, and was incapacitated at the time.) "Where the means of obtaining information are not equal, the positive representations of the person who is supposed to possess superior means of information may be relied on." *Siskin v. Cohen,* 363 Pa. 580, 70 A. 2d 293; *Emery v. Third National Bank of Pittsburgh,* 314 Pa. 544, 171 A. 881.

There was, therefore, clear, precise, and indubitable evidence for appellant, which, if accepted, would justify a jury in concluding that the release was procured by fraud and without negligence on appellant's part. Under such circumstances, it is not within the power of the court to remove the ultimate factual decision from the jury, where it clearly belonged.

Judgment reversed and directed to be entered on the verdict for appellant.